**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona  85004-2553
Telephone:  (602) 257-7422
Facsimile:  (602) 254-4878
James H. Marburger – 010359
jmarburger@gustlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MD Helicopters, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> The Boeing Company, <br><br> Defendant. | No. <br><br> **COMPLAINT** <br><br> **1. Breach of Contract** <br> **2. Breach of Implied Covenant of Good Faith and Fair Dealing** |

## COMPLAINT

Plaintiff, MD Helicopters, Inc. ("MDHI"), by its attorneys, brings this action for damages against Defendant, The Boeing Company ("Boeing" or "Defendant"), and complains and alleges, on personal knowledge as to its own activities, and on information and belief as to the activities of others, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages for breach of contract, and in the alternative, breach of the implied covenant of good faith and fair dealing.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332, because the parties are of diverse citizenship as defined in 28 U.S.C. § 1332(a) and the amount in controversy exceeds $75,000.

3.   This Court has personal jurisdiction over Boeing in that the contract at issue was entered into, was to be performed, and was breached in the State of Arizona and in this judicial District. Boeing has caused injury to MDHI in the State of Arizona and in this judicial District.

4.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

**THE PARTIES**

5.   Plaintiff, MD Helicopters, Inc., is a corporation duly organized and existing under the laws of the State of Arizona, with its principal place of business in Mesa, Arizona.

6.   Defendant, The Boeing Company, is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in Chicago, Illinois, and is qualified to transact business in Arizona.

**GENERAL ALLEGATIONS**

7.   MDHI is a small, woman-owned business that is one of the world's leading manufacturers of helicopters for the commercial, military, and law enforcement markets. MDHI produces helicopters at its manufacturing facility in Mesa, Arizona. For more than 50 years, MDHI helicopters have been recognized for their value, versatility, and performance. These helicopters are used for a variety of missions such as executive transport, news-gathering, search and rescue, air-medical services, aerial photography, power line operations, forestry operations, firefighting operations, and military and law enforcement purposes.

8.   One of MDHI's most successful product lines is a family of helicopters based on the single engine MD 500 model. This helicopter family currently includes the civilian MD 520N, MD 500E, MD 530F, and MD 600N, as well as several military

1  variations manufactured for the U.S. Department of Defense under government
2  procurement contracts, and for the armed forces of U.S. allies.

3       9.    Boeing is the largest aerospace-defense business in the United States,
4  ranking number 24 on the 2017 Fortune 500 List, with over $94 billion in annual
5  revenue.[1]  Among its other product offerings, Boeing is a world-wide leader in the
6  design, development, production, sale, and support of military helicopters.  Boeing
7  produces military helicopters at its facility in Mesa, Arizona.

8       10.    On July 16, 2010, MDHI and Boeing signed a Memorandum of
9  Agreement ("2010 MOA") establishing a team utilizing their respective capabilities to
10 pursue opportunities for the production and sale of the AH-6i helicopter.  The AH-6i is
11 a military helicopter derived from MDHI's commercial MD530F helicopter.  MDHI
12 and Boeing agreed to cooperatively produce the AH-6i for Military, non-Military, and
13 other Government customers.  The 2010 MOA is attached as Exhibit 1.

14      11.    Section 2.0 of the 2010 MOA contemplated that MDHI would sell AH-6i
15 components to Boeing through Purchase Contracts issued under a Long Term
16 Agreement between the parties with production of the AH-6i to be a collaborative
17 effort between the parties.

18      12.    The 2010 MOA was negotiated and signed in the state of Arizona, the
19 contract was to be performed in Arizona, and notices under the contract were to be sent
20 to the parties' representatives in Arizona.

21      13.    On October 6, 2011, MDHI and Boeing signed a Long Term
22 Requirements Contract whereby MDHI agreed to sell and Boeing agreed to buy
23 airframes and related components for the AH-6i helicopter.  ("2011 LTRC").  The
24 2011 LTRC is attached as Exhibit 2.

---

[1] See: http://fortune.com/fortune500/list/

JHM:tno  3040778.1  8/3/2017

14. Appendix B to the 2011 LTRC is the Pricing, Quantity, and Payment Matrix.  Appendix B provides that Boeing will make four milestone payments to MDHI for each airframe with the final payment to be made at the time that the airframe is received at Boeing's facility in Mesa, Arizona.  The pricing structure of Appendix B to the 2011 LTRC was based on the expectation that MDHI would begin performance in calendar year 2011.  However, MDHI's performance was contingent on Boeing's provision to MDHI of the engineering drawings needed to produce the unique parts required for the AH-6i airframe.  The pricing structure further included a provision for an adjustment to the price after Boeing produced the final engineering drawings to MDHI and the true cost impact could be evaluated.

15. Appendix C to the 2011 LTRC are the Boeing Company General Provisions dated April 1, 2009.  Section 10 of the Boeing Company General Provisions provides that MDHI shall issue a separate invoice for each airframe delivery and that Boeing's payment due date shall be computed from the later of the scheduled delivery, the actual delivery, or the date of receipt of a corrected invoice.

16. The 2011 LTRC was negotiated and signed in the state of Arizona, the contract was to be performed in Arizona, and notices under the contract were to be sent to the parties' representatives in Arizona.

17. On November 1, 2011, Boeing issued a Master Purchase Contract No. 524842 to MDHI incorporating the terms of the 2011 LTRC for the purchase of AH-6i airframes.  ("Master Purchase Contract").  The Master Purchase Contract is attached as Exhibit 3.

18. On July 26, 2012, Boeing issued Purchase Contract No. 648538 to MDHI for the purchase of 24 airframes and related components for the AH-6i for a total amount of $38,160,000.00 .  ("Purchase Contract").  The Purchase Contract established a delivery and payment schedule, with the unit price for each airframe and related

1  components to be $1,590,000.00.  The Purchase Contract was to be performed in the
2  State of Arizona.  The Purchase Contract is attached as Exhibit 4.
3       19.    The Purchase Contract incorporates four Performance Based
4  Payments/Milestone Payment Events with final payment to MDHI to be paid upon
5  "Receipt of Fuselage at Boeing."  The four milestone payment events in the Purchase
6  Contract are identical to the four milestone payments recited in Appendix B of the
7  2011 LTRC.
8       20.    During the course of performance under the Purchase Contract for 24
9  airframes for the AH-6i, MDHI raised various issues regarding the pricing, delivery
10 schedule, and additional work required to correct errors and defects in documents,
11 engineering drawings, and parts supplied by Boeing, which caused substantial
12 additional costs of performance for MDHI and delays in production and delivery.
13      21.    In order to resolve the issues with Boeing, MDHI prepared and submitted
14 a formal Request for Equitable Adjustment ("REA") on or about May 29, 2015.  The
15 REA is attached as Exhibit 5.
16      22.    The resolution sought by MDHI is summarized in Section 1 of the REA,
17 and comprised of five distinct elements:
18      1) Update to the pricing of the AH-6i Boeing Unique Parts as estimated at
19         the time of execution of the LTRC and the incorporation of additional
20         Boeing Unique Parts.
21      2) Update to the MDHI AH-6i work share, as defined by the baseline
22         configuration in the LTRC that added and removed MDHI commercial
23         parts.
24      3) Incorporation of multiple drawing and design changes to the Boeing
25         Unique Parts and design.
26

JHM:tno  3040778.1  8/3/2017

4) The failure of Boeing to satisfy the schedule and pricing requirements of the LTRC Agreement, forcing MDHI to move its product delivery from Order Period 1 (Nov 1, 2011 to Aug 31, 2012) to beyond Order Period 3 (Sep 1, 2013 to Aug 31, 2014).

5) Impact of Boeing program delays.

23. In order to resolve the issues raised in the REA and avoid litigation, the parties negotiated an equitable adjustment that represented a compromise of each party's position, and entered into a Memorandum of Agreement on August 14, 2015 which embodied the negotiated equitable adjustment and resolution of the parties' disputes. ("2015 MOA"). The 2015 MOA is attached as Exhibit 6.

24. The resolution of the dispute between MDHI and Boeing over pricing and delivery schedule, and the equitable adjustment to the contract for the sale of AH-6i airframes is strictly governed by the terms of the 2015 MOA. Paragraph f of the Background section of the 2015 MOA states the following:

> The parties wish to resolve the Pricing Dispute, the REA Dispute [for equitable adjustment], and the Delivery Dispute, strictly under the terms and conditions described herein. The parties have negotiated this settlement extensively and in good faith.

25. Section 1 of the 2015 MOA establishes a revised delivery schedule for the 24 airframes for the AH-6i.

26. Section 2 of the 2015 MOA establishes a revised purchase price of $1,805,000 for each AH-6i airframe.

27. Section 3 of the 2015 MOA provides that the Boeing Company General Provisions currently detailed in the Purchase Contract will continue to apply. The Boeing Company General Provisions are detailed in Appendix C to the 2011 LTRC.

JHM:tno 3040778.1 8/3/2017

28. Section 7 provides that the 2015 MOA shall be governed by the law of the State of Delaware without regard to its conflict of law rules, that any dispute shall be submitted to a court of competent jurisdiction, and that the parties waive any right to a trial by jury.

29. Section 10 provides that the 2015 MOA constitutes the entire agreement between the parties with respect the subject matter hereof and supersedes all prior or contemporaneous oral or written agreements, negotiations, and discussions with respect to the subject matter hereof.

30. In accordance with the terms and conditions of the parties' agreement for the sale of AH-6i airframes and the specific terms of the 2015 MOA, all 24 AH-6i airframes are in the possession of Boeing, and MDHI is entitled to payment thereon.

31. In accordance with the terms and conditions of the parties' agreement for the sale of AH-6i airframes and the specific terms of the 2015 MOA, MDHI issued the following invoices to Boeing:

| Invoice # | Date | Amount |
|---|---|---|
| 194375 | 3/30/2017 | $18,275.00 |
| 194959 | 4/25/2017 | $15,242.36 |
| 194979 | 4/26/2017 | $541,500.00 |
| 195010 | 4/27/2017 | $541,500.00 |
| 195011 | 4/27/2017 | $541,500.00 |
| 195613 | 5/23/2017 | $541,500.00 |
| 195838 | 5/31/2017 | $541,500.00 |
| 196259 | 6/20/2017 | $541,500.00 |
| 196393 | 6/28/2017 | $541,500.00 |
| **Total** | | **$3,824,017.36** |

32. The invoices issued by MDHI to Boeing in paragraph 31 above are overdue for payment to MDHI and are outstanding according to the terms of the parties' agreement and the 2015 MOA. Boeing has failed and refused to pay these outstanding invoices when due, except for Invoice 196393, in violation of the terms of the 2015 MOA .

## COUNT I

## BREACH OF CONTRACT

33. MDHI repeats and re-alleges each of the allegations set forth above in paragraphs 1 through 32, as if fully set forth herein.

34. MDHI and Boeing entered into a valid and enforceable contract for the sale of AH-6i airframes pursuant to the terms set out in the 2015 MOA.

35. MDHI has fulfilled its obligations, conditions, covenants, and promises under the parties' contract for the sale of AH-6i airframes and the terms set out in the 2015 MOA or was excused from performance.

36. MDHI has delivered the 24 AH-6i airframes to Boeing pursuant to the parties' agreement. MDHI has issued valid invoices to Boeing set out in paragraph 31 above, which are overdue for payment.

37. Boeing has refused to pay MDHI's invoices set out in paragraph 31 above and therefore has failed and refused to perform its obligations under the parties' contract for the sale of AH-6i airframes and the terms set out in the 2015 MOA.

38. Boeing's refusal and failure to pay MDHI's invoices constitute a material breach of the parties' contract for the sale of AH-6i airframes and the terms of the 2015 MOA.

39. As a result of Boeing's breach of the parties' contract for the sale of AH-6i airframes and the terms of the 2015 MOA, MDHI has incurred damages in an

amount to be determined at trial, but no less than $3,824,017.36.  MDHI is also entitled to interest from the date of Boeing's breach.

## COUNT II

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

40. MDHI repeats and re-alleges each of the allegations set forth above in paragraphs 1 through 39, as if fully set forth herein.

41. The implied covenant of good faith and fair dealing is inherent in every contract and prohibits acts by one party that deprive another of the fruits of the bargain.

42. MDHI bargained for the sale of AH-6i airframes to Boeing pursuant to the parties' agreements and specifically under the terms of the 2015 MOA.

43. MDHI performed all of its obligations, conditions, covenants, and promises under the parties' agreement for the sale of AH-6i airframes and the terms of the 2015 MOA or was excused from performance.

44. MDHI has delivered the 24 AH-6i airframes to Boeing pursuant to the parties' agreement.  MDHI has issued valid invoices to Boeing set out in paragraph 31 above, which are overdue for payment.

45. Boeing has refused to pay MDHI's invoices set out in paragraph 31 above and therefore has failed and refused to perform its obligations under the parties' contract for the sale of AH-6i airframes and the terms set out in the 2015 MOA.

46. In the alternative to MDHI's claim for breach of contract, should any required provision of the parties' agreement be ambiguous or undefined, Boeing breached the implied covenant of good faith and fair dealing by refusing to pay MDHI's invoices set out in paragraph 31 above.

47. Boeing's actions unfairly deprive MDHI of the benefit of its bargain to sell AH-6i airframes.  Therefore Boeing has breached the implied covenant of good faith and fair dealing.

48. MDHI has been harmed by Boeing's actions in an amount to be determined at trial, but no less than $3,824,017.36. MDHI is also entitled to interest from the date of Boeing's breach.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL CLAIMS**

49. MDHI reserves its right to assert any additional claims of which it becomes aware as a result of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MD Helicopters, Inc. prays for judgment against Defendant, Boeing, as follows:

1. For damages in an amount to be proven at trial or as otherwise permitted by law, but not less than the amount of its outstanding invoices, $3,824,017.36.
2. For prejudgment interest according to applicable law.
3. For MDHI's taxable costs.
4. For MDHI's attorneys' fees and other costs according to applicable statutes and/or other applicable law.
5. For such other relief as the court deems just and proper.

DATED this 3rd day of August, 2017.

GUST ROSENFELD P.L.C.

By *s/ James H. Marburger – 010359*
James H. Marburger
*Attorneys for Plaintiff*

JHM:tno  3040778.1  8/3/2017