**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MD Helicopters Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Boeing Company,<br><br>Defendant. | No. CV-17-02598-PHX-JAT<br><br>**ORDER** |

Discovery in this case closed on January 25, 2019. After the close of business on the day discovery closed, Defendant filed a motion for the issuance of letters rogatory to allow Defendant to depose a witness ("Deponent") in Mexico. (Doc. 120). Defendant also asked that it be allowed to "pursue this limited letter rogatory discovery after the close of discovery on January 25, 2019." (*Id*. at 120). Plaintiff does not oppose this request.

Rule 16 applies to pretrial conferences and scheduling orders. This Rule provides, in pertinent part:

> (b)
> 
> > (1) Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order:
> > > (A) after receiving the parties' report under Rule 26(f); or
> > > (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.
> > . . . .
> > (3)
> > > (A) The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.
> > . . . .

> (4) A schedule may be modified only for good cause and with the judge's consent.

"…Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). The Ninth Circuit Court of Appeals has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

From the pending motion the Court has learned that 5,177 emails from this Deponent were disclosed during discovery; however, the motion does not state when the emails were disclosed. (Doc. 120-1 at 2). Further, these emails were marked as exhibits in a deposition on September 12, 2018. (*Id.*). Thus, at some point prior to September 12, 2018, Defendant knew it desired to take the deposition in question.

At an unknown time, Plaintiff advised Defendant that Plaintiff would make Deponent available for deposition. However, on January 8, 2019, Plaintiff advised Defendant that Plaintiff would not be able to make Deponent (a former employee of

Plaintiff) available for deposition. (Doc. 120-1 at 2).

Defendant shows no cause why this Court should indefinitely extend the discovery deadline to allow it to pursue this letters rogatory process that should have begun prior to September 12, 2018. Defendant's reliance on Plaintiff to produce a witness who is out of Plaintiff's control, and is also out of the country, on the assumption that this person could and would travel to the United States for a deposition is unavailing. In other words, Deponent not traveling to Phoenix (the location on the notice of deposition (Doc. 120-1 at 8)) was foreseeable.

To show good cause to extend the discovery deadline, Defendant must also show it was proceeding diligently. The Court finds Defendant was not diligent in failing to pursue this extra territorial process back in September (or earlier based on when the emails were disclosed). Additionally, waiting until two weeks from the close of discovery to schedule the deposition of a witness who is out of the country is a decision counsel makes at his or her peril; in other words, the Court's scheduling order is not bearing the risk that the deposition does not proceed as scheduled.

Further, rather than notifying the Court the day Defendant discovered the deposition would not proceed, Defendant waited until the evening discovery closed. The Court finds this late notice was also not diligently advising the Court as soon as the party was aware that the scheduling order needed to be amended.

Thus, for all the foregoing reasons, the request to extend the discovery deadline to allow the discovery deposition of Deponent is denied. As a result, the request for letters rogatory is moot.

Moreover, even if this deposition were to proceed, the Court has no reason to believe this witness would be available in the United States for trial. As a result, the parties may, if they choose, seek a trial deposition of this witness. This trial deposition would include both direct and cross examination and would be admissible, in lieu of live testimony, at trial. To the extent letters rogatory are required for a trial deposition, the parties may so move.

However, the parties are cautioned that neither the summary judgment process, nor trial if summary judgment is denied, will be stayed or continued pending the completion of this trial deposition. The fact that the parties waited until the case had been pending 18 months to raise this issue results in them perhaps not being able to complete this discovery in time to use it at trial. The Court will not set a deadline for the parties to make this request, as any delay decreases their chances of completing the deposition in time for trial.

Additionally, while the Court has not researched the letters rogatory process in Mexico specifically, in prior cases where the Court has issued letters rogatory, the parties received prior approval of the state department of the form they intended to use, which does not appear to have occurred in this case. Further, the Court will not sign letters rogatory with blanks in them. Thus, the form must be completed in full before it is submitted for the Court's certified signature.

Based on the foregoing,

**IT IS ORDERED** that the request to extend discovery (part of Doc. 120) is denied; the request for issuance of letters rogatory (part of Doc. 120) is denied as moot.

Dated this 29th day of January, 2019.

*James A. Teilborg*
Senior United States District Judge