**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MD Helicopters Incorporated, | No. CV-17-02598-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Boeing Company, | |
| Defendant. | |

At issue is Plaintiff MD Helicopters, Inc. ("MDHI") and Defendant/Counterclaimant Boeing Corporation's ("Boeing") Joint Application for Leave to File Under Seal Certain Documents Related to MDHI's Motion for Summary Judgment (Doc. 129). Also at issue is Boeing's Motion to Seal Documents (Doc. 139) associated with its Controverting Statement of Facts In Support of Its Response to Plaintiff's Motion for Summary Judgment. For the reasons set forth below, the Court is unable to rule on these motions at this time, and orders further briefing.

**I.  LEGAL STANDARD**

It has long been recognized that the public has a general right of access "to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of access extends to all judicial records except those that have "traditionally been kept secret for important policy reasons," namely grand jury transcripts and certain warrant materials. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Nevertheless, "the common-law right of inspection has bowed before the

power of a court to insure that its records" do not "serve as . . . sources of business information that might harm the litigant's competitive standing." *Nixon*, 435 U.S. at 598.

"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the "compelling reasons" standard if the record is a dispositive pleading, or the "good cause" standard if the record is a non-dispositive pleading. *Id.* at 1180. This means "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Id.* at 1178–1179 (internal quotations omitted). Generalized statements supporting sealing are inadequate; a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed. *Id.* at 1183–84. These compelling reasons must be shown in order to seal judicial records attached to a dispositive motion, even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179.

What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599. The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179. If the Court decides to seal certain judicial records after considering these interests, "it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Generally, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quotation omitted).

In the business context, a "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec.*

*Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (quoting Restatement (First) of Torts § 757, cmt. B (1939)).[1] As "confidentiality alone does not transform business information into a trade secret, a party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret." *PCT Int'l Inc. v. Holland Elecs. LLC*, 2014 WL 4722326, at *2 (D. Ariz. Sept. 23, 2014) (quotation omitted).

## II. ANALYSIS

The parties move to seal documents appended to dispositive motions. Accordingly, the parties bear the burden of meeting the "compelling reasons" standard. *Id.* at 1180.

### A. <u>Boeing's Motion to Seal Documents (Doc. 139) Related to Its Response to MDHI's Motion for Summary Judgment</u>

Boeing moves for an order directing the Clerk to file under seal Exhibits C, T, Y, and Z to Boeing's Controverting Statement of Facts in Support of Its Response to Plaintiff's Motion for Summary Judgment. (Doc. 139). Although Boeing argues that these four exhibits contain confidential information that is protected from public disclosure by the Protective Order (Doc. 31) and Protective Order Amendment (Doc. 65) entered in this case, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179. Nevertheless, Boeing has not proffered sufficient explanation, argument, or evidence demonstrating to the Court "compelling reasons" outweighing the public's interest in disclosure and justifying the sealing of these items. Rather, Boeing merely states that it "moves to seal these items because they contain proprietary business information of the Boeing Company and/or MD Helicopters, Inc., including proprietary information and trade secrets related to the design and manufacture of AH-6i and related helicopters." (Doc. 139 at 1–2). These generalized assertions that Exhibits C, T, Y, and Z to Boeing's

---

[1] Arizona defines a "trade secret" as information that both "(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." A.R.S. § 44–401(4). "Only those secrets affording a demonstrable competitive advantage may properly be considered a trade secret." *Enterprise Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144, 3 P.3d 1064, 1070 (Ariz. Ct. App. 1999).

Controverting Statement of Facts are protected will not do. *See Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."); *Krause v. Nev. Mut. Ins. Co.*, 2013 WL 3776416, at *5 (D. Nev. July 16, 2013) (denying request to seal a motion to dismiss because the defendant's broad, generalized allegation that the motion to dismiss contained confidential material and business information failed to meet the "compelling reasons" standard). Based on this limited explanation provided by Boeing, the Court is unable to make the factual findings necessary to determine whether sealing these exhibits is appropriate at this time.

## B. The Parties' Joint Application for Leave to File Under Seal Certain Documents Related to MDHI's Motion for Summary Judgment (Doc. 129)

MDHI and Boeing also jointly move for an order directing the Clerk to file under seal the documents MDHI lodged on February 28, 2019, including MDHI's unredacted Motion for Summary Judgment, MDHI's unredacted supporting Statement of Facts, and Exhibits 33, 35, 40, 41, 42, 45, 47, 50, 52, 53, 57, 60, 64, 70, 71, and 74. (Docs. 129; 129-3). In support, the parties provide the Declaration of Mark Asplund, Boeing's Senior Counsel, who avers that these documents contain trade secrets, proprietary business information, and/or confidential information which would competitively disadvantage Boeing if publicly disclosed. (Doc. 129-1 at 2–4). According to Mr. Asplund, Exhibits 40, 42, 45, 47, 52, 53, and 64 contain Boeing proprietary information and trade secrets related to the design of AH-6i and related helicopters, while Exhibits 33, 35, 41, 57, and 74 contain proprietary information and trade secrets related to the manufacture of AH-6i and related helicopters. (*Id.* at 2–3). Further, Mr. Asplund states that Exhibits 50, 60, 70, and 71 contain confidential discussions with United States Government military personnel related to negotiation of agreements, and the design and development of AH-6i and related helicopters. (*Id.* at 3). MDHI claims that these documents, and the information they contain, are relevant and necessary to the Court's adjudication of MDHI's Motion for Summary Judgment. (Doc. 129 at 2).

Although slightly more detailed than Boeing's Motion to Seal (Doc. 139), the parties' Joint Application for Leave to File Under Seal (Doc. 129) still makes broad assertions that these documents constitute proprietary information and trade secrets. As noted above, however, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden" of demonstrating compelling reasons for sealing. *Kamakana*, 447 F.3d at 1184; *see also Krause*, 2013 WL 3776416, at *5. Rather, "the party alleging trade secret protection as a basis for sealing court records must show that the business information is in fact a trade secret." *PCT Int'l Inc.*, 2014 WL 4722326, at *2. The parties have not met their burden of doing so here. As such, the Court is unable to make the factual findings necessary to determine whether sealing these documents is appropriate at this time.

**III.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that by **May 10, 2019**, Boeing shall file a memorandum in support of its Motion to Seal Documents (Doc. 139) which specifies with particularity the compelling reasons why Exhibits C, T, Y, and Z to Boeing's Controverting Statement of Facts should be sealed. Assuming Boeing can show with particularity that any of these exhibits should be sealed, Boeing shall then further explain why, rather than sealing these exhibits in totality, the redaction of portions of the exhibits would not be sufficient to protect the party from the release of confidential, proprietary information or trade secrets. In this memorandum, Boeing shall explain how it expects the Court to treat these exhibits, if ultimately sealed, in its opinion ruling on the parties' motions for summary judgment. Finally, Boeing shall explain its position regarding the status of the documents it seeks to seal in the event that the parties' motions for summary judgment are denied and those documents are marked as exhibits and entered into evidence in a public trial.

**IT IS FURTHER ORDERED** that MDHI may respond to Boeing's memorandum, if it so chooses, within the time provided by LRCiv 7.2(c). Boeing will not be permitted to file any reply.

**IT IS FURTHER ORDERED** that by **May 10, 2019**, the parties shall jointly file a memorandum in support of their Joint Application For Leave to File Under Seal Certain Documents Related to MDHI's Motion for Summary Judgment (Doc. 129). For each document desired to be filed under seal, this memorandum shall specify with particularity the compelling reasons why such document should be sealed. Assuming the parties can show with particularity that any of these documents should be sealed, the parties shall then further explain why, rather than sealing these documents in totality, the redaction of portions of the documents would not be sufficient to protect the parties from the release of confidential, proprietary information or trade secrets. In this memorandum, the parties shall also explain how they expect the Court to treat these documents, if ultimately sealed, in its opinion ruling on the parties' motions for summary judgment. Additionally, the parties shall explain whether the Ninth Circuit honors the sealed status of opinions of a district court below. Further, in this memorandum the parties shall explain their position regarding the status of the documents they seek to seal in the event that the parties' motions for summary judgment are denied and those documents are marked as exhibits and entered into evidence in a public trial.

Finally, although mentioned in both a declaration and draft proposed order submitted with the parties' Joint Application for Leave to File Under Seal Certain Documents Related to MDHI's Motion for Summary Judgment (Doc. 129), the lodged proposed exhibits submitted by MDHI on February 28, 2019 do not appear to include MDHI's Exhibit 57. (*See* Docs. 129-1 ¶ 3; 129-3). Accordingly, **IT IS FINALLY ORDERED** that the parties explain in their joint memorandum whether they still wish to file Exhibit 57 under seal.

Dated this 26th day of April, 2019.

James A. Teilborg
Senior United States District Judge