**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MD Helicopters Incorporated, | No. CV-17-02598-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Boeing Company, | |
| Defendant. | |

At issue is Plaintiff MD Helicopters, Inc. ("MDHI") and Defendant/Counterclaimant Boeing Corporation's ("Boeing") Joint Application for Leave to File Under Seal (Doc. 129) and Boeing's Motion to Seal Documents (Doc. 139). The Court now rules on these Motions.

## I.    BACKGROUND

Boeing's Motion to Seal Documents (Doc. 139) asked the Court to enter an order directing the Clerk to file under seal Exhibits C, T, Y, and Z to Boeing's Controverting Statement of Facts in Support of Its Response to Plaintiff's Motion for Summary Judgment. These exhibits are currently lodged under seal at Doc. 140. In its Memorandum in Support of its Motion to Seal Documents ("Memorandum"), Boeing withdrew its Motion to Seal (Doc. 139), and instead requested that portions of exhibits C and T be redacted. (Doc. 144 at 1–3). In this Memorandum, Boing also withdrew its request to file Exhibits Y and Z under seal and did not propose any redactions to these two exhibits. (Doc. 144 at 3).

The parties' Joint Application for Leave to File Under Seal (Doc. 129) asked the

Court to enter an order directing the Clerk to file under seal MDHI's unredacted Motion for Summary Judgment, MDHI's unredacted supporting Statement of Facts, and Exhibits 33, 35, 40, 41, 42, 45, 47, 50, 52, 53, 57, 60, 64, 70, 71, and 74. These documents are currently lodged under seal at Docs. 131 and 132. In their Joint Memorandum in Support of Joint Motion for Leave to File Under Seal, the parties withdrew their Joint Application for Leave to File Under Seal (Doc. 129) and instead requested that portions of Exhibits 33, 35, 41, 42, 50, 57, 60, 70 and 71 be redacted. (Doc. 144 at 3–5). In this Joint Memorandum, the parties also withdrew their request to file Exhibits 40, 45, 47, 52, 53, 64, and 74 under seal, and did not propose any redactions to those exhibits. (Doc. 144 at 5).

## II.   ANALYSIS

As the parties move to redact documents appended to dispositive motions, they bear the burden of meeting the "compelling reasons" standard set forth in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This standard was discussed in detail in the Court's April 26, 2019 Order (Doc. 143), and, therefore, will not be restated here.

### A.   **Exhibit C**

Exhibit C to Boeing's Controverting Statement of Facts in Support of Its Response to Plaintiff's Motion for Summary Judgment is entitled "Amendment of Solicitation/Modification of Contract (BOEING0186019)." (Doc. 138-1 at 1). Boeing moves to redact pricing information reflected in this contract, with the exception of the contract's final overall price figure. (Doc. 144 at 2). Boeing avers that this proprietary pricing information constitutes a trade secret, especially because "the methods for setting such prices are not commonly-used industry formulas." (*Id.* (citing *Steinberg Moorad & Dunn Inc., a California Corp. v. Dunn*, 136 F. App'x 6, 13 (9th Cir. 2005); *TDBBS LLC v. Ethical Prod. Inc.*, No. CV-19-01312-PHX-SMB, 2019 WL 1242961, at *4 (D. Ariz. Mar. 18, 2019))). After reviewing the unredacted version of Exhibit C filed at Doc. 140-1 and the redacted version filed at Doc. 144-3, the Court finds that Boeing has shown compelling reasons to redact this pricing information. Further, as Boeing points out, the proposed

redactions to Exhibit C "would not have any effect on Boeing's Controverting Statement of Facts because the fact for which this document is cited as support relates to the overall contract price, which remains unredacted." (Doc. 144 at 2; *see* Doc. 138 ¶ 10).

## B.     Exhibit T

Exhibit T to Boeing's Controverting Statement of Facts is entitled "Format 6 Schedule Report (BOEING0178633)." (Doc. 138-1 at 1). Boeing moves to redact slides 4 and 5 of this document, located at BOEING0178636 through BOEING0178637, because these pages "contain highly sensitive trade secrets related to Boeing's proprietary production process which, if disclosed, would provide Boeing's competitors with an economic advantage over Boeing." (Doc. 144 at 2 (citing *Enter. Leasing Co. of Phx. v. Ehmke*, 3 P.3d 1064, 1070 (Ariz. Ct. App. 1999) (holding that documents regarding the plaintiff's financial information and operations were trade secrets where those documents provided economic value to the plaintiff and "would allow a competitor to gain an advantage if the documents were discovered in the marketplace"))). Boeing also avers that the information on slides 4 and 5 of Exhibit T "relates to the production process for military equipment and weaponry, and thus contains confidential and sensitive information regarding United States military capabilities." (*Id.* (citing *McQuilliams v. Int'l Auto Logistics, LLC*, No. 2:14-CV-124, 2016 WL 4257362, at *1 (S.D. Ga. Aug. 11, 2016) (granting the parties' joint motions to file under seal where the parties "established that sealing these records is necessary to protect Defendant's proprietary information and information that implicates national security interests"); *Am. Civil Liberties Union v. Dep't of Def.*, No. 09CIV8071BSJFM, 2012 WL 13075284, at *6 (S.D.N.Y. Mar. 20, 2012) (granting the defendant's request to seal documents where doing so "is necessary to preserve the national security"); *United States v. Ressam*, 221 F. Supp. 2d 1252, 1263 (W.D. Wash. 2002) (sealing documents "required to protect ongoing compelling interests of national security"))).

After reviewing the unredacted version of Exhibit T filed at Doc. 140-1 and the redacted version filed at Doc. 144-3, the Court finds that Boeing has shown compelling

reasons to redact slides four and five of Exhibit T, as these slides contain trade secrets and sensitive information regarding United States military capabilities. *See Ground Zero Ctr. for Non-Violent Action v. United States Dep't of Navy*, 860 F.3d 1244, 1262 (9th Cir. 2017) ("National security concerns can, of course, provide a compelling reason for shrouding in secrecy even documents once in the public domain."); *GPNE Corp. v. Apple Inc.*, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) ("[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial  information.'") (quoting Fed. R. Civ. P. 26(c)(1)(G)).

### C.  Exhibits 33, 35, and 57

With respect to Exhibits 33, 35, and 57 to MDHI's Statement of Facts, Boeing moves to redact the portions of these exhibits pertaining to Boeing's labor rates, and information from which those labor rates could be extrapolated. (Doc. 144 at 3–4). Mark Asplund, Boeing's Senior Counsel, avers that these exhibits contain proprietary information and trade secrets related to the manufacture of AH-6i and related helicopters. (Doc. 129-1 at 2–3). Boeing claims that the labor rates contained in these exhibits represent confidential information that Boeing's competitors could use to gain a competitive advantage. (Doc. 144 at 3–4 (citing *Enter. Leasing Co. of Phx.*, 3 P.3d at 1070)). After reviewing the unredacted versions of these exhibits at Docs. 132-1, 132-2 and 132-3, the Court agrees. As Boeing has shown compelling reasons to redact information pertaining to its labor rates, the Court will instead consider the redacted versions of Exhibits 33, 35, and 57 at Docs. 127-8, 127-9, 128-2, and 144-1 in the resolution of this case. *See Torres Consulting & Law Grp., LLC v. Dep't of Energy*, No. CV-13-00858-PHX-NVW, 2013 WL 6196291, at *4–5 (D. Ariz. Nov. 27, 2013) (finding that the defendant conclusively established that its labor production rates were trade secrets because this information, if disclosed, "would give a competitor conclusive insight into how it could modify its business to undercut another's").

## D. **Exhibits 41, 42, and 50**

Next, Boeing moves to redact portions of Exhibits 41, 42, and 50 to MDHI's Statement of Facts pertaining to production of Boeing aircraft other than the AH-6i, the helicopter model at issue in this suit. (Doc. 144 at 4). Boeing asserts that the disclosure of information relating to production timetables could put Boeing at a competitive disadvantage. (Doc. 144 at 4 (citing *Enter. Leasing Co. of Phx.*, 3 P.3d at 1070)). Further, Boeing avers that because some of the information contained in these three exhibits relates to the production process for military equipment and weapons, the exhibits contain confidential and sensitive information regarding United States military capabilities. (*Id.*). Boeing has shown compelling reasons to redact the trade secrets and sensitive information regarding United States military capabilities contained in these exhibits for the same reasons set forth in the discussion of Exhibit T, *supra. See Ground Zero Ctr. for Non-Violent Action*, 860 F.3d at 1262; *GPNE Corp.*, 2015 WL 4381244, at *1. As to Exhibit 41, redacting those portions of slides 1 and 3 (BOEING0170892 and BOEING0170894) relating to programs other than the AH-6i and redacting slide 2 (BOEING010893) in its entirety protects this information. As to Exhibit 42, redacting slides 6 and 7 (BOEING0060284 and BOEING0060285) in their entirety protects this information as these slides relate to programs other than the AH-6i. Finally, as to Exhibit 50, redacting the portions of this email exchange pertaining to production of Boeing aircraft other than the AH-6i also protects this information. Accordingly, the Court will consider the redacted versions of Exhibits 41, 42, and 50 set forth at Doc. 144-1 in the resolution of this case.

## E. **Exhibits 60, 70, and 71**

With respect to Exhibits 60, 70, and 71 to MDHI's Statement of Facts, Boeing moves to redact pricing information because this proprietary information is a trade secret. (Doc. 144 at 4–5). Specifically, with respect to Exhibits 60 and 71, Boeing moves to redact any pricing information reflected in these contracts except for the overall price figures. (*Id.*). As to Exhibit 70, Boeing moves to redact information related to negotiations over specific price points and the justification for those price points on the grounds that this

information is a protected trade secret which needs to be redacted to protect internal deliberative processes which, if disclosed, would give competitors an advantage over Boeing. (*Id.* at 5). After reviewing the unredacted versions of these three exhibits filed at Docs. 132-12, 132-14, and 132-15 and the redacted versions filed at Doc. 144-2, the Court finds that Boeing has shown compelling reasons to redact the pricing information contained in Exhibits 60, 70, and 71 for the same reasons cited in the discussion of Exhibit C, *supra*.

**III.     CONCLUSION**

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Accordingly,

**IT IS ORDERED** that Boeing's Motion to Seal Documents (Doc. 139) is **DENIED AS MOOT**. The Clerk of the Court is directed to leave the documents at Doc. 140 lodged and under seal. The Court will not consider the documents lodged at Doc. 140 in the resolution of this case, and will instead consider the versions of Exhibits C, T, Y, and Z filed at Doc. 144-3.

**IT IS FURTHER ORDERED** that MDHI and Boeing's Joint Application for Leave to File Under Seal (Doc. 129) is **DENIED AS MOOT**. The Clerk of the Court is directed to leave the documents at Docs. 131 and 132 lodged and under seal. The Court will not consider the documents lodged at Doc. 131 and 132 in the resolution of this case. Instead, the Court will consider the versions of Exhibits 35, 40, 41, 42, 45, 47, 50, 52, 53, 60, 64, 70, 71, and 74 filed at Docs. 144-1 and 144-2, and the versions of Exhibits 33 and 57 filed at Docs. 127-8, 127-9, and 128-2.

**IT IS FURTHER ORDERED** that MDHI shall refile public versions of its Motion for Summary Judgment (Doc. 126) and Statement of Facts (Doc. 127) which only redact information set forth in the redacted portions of Exhibits 33, 35, 41, 42, 50, 57, 60, 70, and 71 by **May 29, 2019**.

**IT IS FINALLY ORDERED** striking MDHI's Motion for Summary Judgment (Doc. 126) and Statement of Facts (Doc. 127). If filed by May 29, 2019, MDHI's updated versions of its Motion for Summary Judgment and Statement of Facts will be deemed timely.

Dated this 20th day of May, 2019.

James A. Teilborg
Senior United States District Judge

- 7 -